The next case this morning is 520-0182 in the matter of Christopher Hill, a disabled adult. Arguing for the appellant, Shirley Hill, is Gene Turk Jr. Arguing for the appellee, David Mitchell, is Eugenia Hunter. Arguing as the guardian ad litem is Rebecca Whittington. Each side will have 15 minutes for their argument. The appellant will also have five minutes for rebuttal. The appellee and the GIL have agreed to split their times. Ms. Hunter will go first, and then Ms. Whittington will take the remaining five. Please note, only the clerk is permitted to record these proceedings. Ms. Hunter Good morning, everybody. As our clerk just indicated, Ms. Hunter and Ms. Whittington, you're going to split your time? Ms. Whittington Yes, your honor. Ms. Hunter I'm not the gatekeeper on time, so there won't be any knock on the door or notice to you. So you'll kind of have to use your own view of the clock. Can you see the clock on the screen? So once your 10 minutes goes, Ms. Hunter, then Ms. Whittington will be able to resume. Is that fair? Ms. Whittington That's fine, and I probably won't use the whole 10 anyway. Ms. Hunter Okay. All right. Well, we'll begin with Mr. Turk. Are you ready, Mr. Turk? Mr. Turk? Can you hear me? Mr. Turk? Mr. Turk I apologize. The court appears that there must be some instability on my end. I don't know why that would be, but it appears that my connection is unstable. However, I'm only going to take a few minutes to please the court and counsel. I've reviewed the arguments of the counsel in J.L.'s brief as to my first argument, 755 ILCS 511-A-4. I agree with their arguments on that matter, and I'm withdrawing my argument. So my remaining issue deals entirely with the 20 ILCS 511-A-5-3-1. Okay, Mr. Turk, let me interrupt you. You're withdrawing what? The parts of my argument that deal with subsection 11-A-4, that would be basically part one of my argument. Okay, and then you're proceeding under 20 ILCS what? 20 ILCS 3955-3-1. And then the second part of my argument, Roman numeral II, deals only with that same statute, 20 ILCS 511-A-5-3-1. Okay, your internet connection is very unstable, and you're cutting out repeatedly. So I can't guarantee that your argument is going to be fully heard. And I apologize for that. I don't know what is going on here in my office, but... Okay. The Kusmanoff case that the court heard a while back, Judge Moore and Judge Welch were on that opinion. That case talked about due process rights and the fact that the court should be following the statute. In this case, the trial court did not make a finding that no other person was willing and able to be the guardian in this matter. And I think that argument or that finding needs to be made. And what case are you relying on again? What case are you relying on in that regard? Judge, would you like me to have him call in? Yes. I think that would be better. All right. Stop the time, please. Clerk? Mr. Turk? Mr. Turk, can you hear us? Yes. Okay. Go ahead, Courtney. Anya, if you find your Zoom invitation, there's a call-in number. And I believe you should call in so that way we can fully get you because your internet is not letting you through. Do you have that invitation? He's gone. Mr. Turk, can you hear me? I can hear you. Okay. We're having a hard time hearing you. Can you find your Zoom invitation and use the dial-in number from your phone? Oh, okay. I'll try that. I will turn on my phone, see what I can get here. Okay. There's a number listed on your Zoom invite. Okay. It'll take a minute to pull it up. That's completely fine. I apologize for the interruption, judges. No, I'm glad you suggested that. Okay. So, I'm dialing 312-626. Yes. Okay. Meeting ID followed by pound. Yes. 970-9492. Okay. Hold on. 970-9492. Okay. 7725. I think, in the meantime, the phone hung up on me. I'll call it again. Thank you. I'm just trying. I'm going to access it by my Zoom on my phone. Yes, that would work, too. Yes. I'm on my phone in the video. Okay. I'm going to admit you on your phone. Recording. Okay. Can you hear me? Yes, we can hear you now. Okay. So, then you mute. Let me mute myself on my... Oh, you cut me off on the other part, right? Right. We took you off. Okay, good. Well... Why don't you begin very quickly again with your withdrawal? Because all of that was lost on the recording. Okay. So, my withdrawal... I withdraw the part of my argument 1A and 1B, which deal with subsection 11A-4 of the probate code, because I agree with the arguments set forth by the GAL and by the appellee. And so, I'm proceeding only with the argument that relates to this 20... with the second part of my argument, that is 1C and part Roman numeral 2 of my argument. Okay. Thank you. So, with respect to that part of my argument, this court's decision in that could... what I call the Kozumov case. I don't know if I can't even pronounce it even vaguely correctly, but that's 2017, I'll app 5th District 160129, which is cited in our briefs. In which this court criticized the trial court's failure to abide by numerous procedural aspects of the probate code. And as far as my argument goes, what the trial court failed to do was to make a specific finding that there was no other person  And so, without that specific finding, I believe that the trial court obviously did not comply with the statute and therefore it abused its discretion. And this court should then remand to the trial court for a specific finding in that manner. And that's really... that's the extent of my argument there. So, the sum and substance of your argument is that this case should be remanded for full findings on the issuance of the order? Correct. Okay. Is there anything else you would like to discuss? No. This is not the best case to draw the line in the sand as to what should be done. I can see that my client is not the ideal client, but I do think that the procedural and aspects of due process would require this court to remand the matter to the trial court. Okay. Justice Welch, any questions? No questions. Justice Moore? No. Mr. Turk, do you have anything else at this point before we allow Ms. Hunter and Ms. Whittington to speak? No, Your Honor. Thank you. Okay. I'm going to go ahead and plug my phone in to make sure I stay connected. Okay. And then will you mute yourself so that we can proceed? Right. Okay. Thank you. Thank you. Ms. Hunter? Yes, Your Honor. May I please court and counsel? Ms. Hunter, we may have lost Mr. Turk. He's no longer on the screen. I think he turned his video off so that he could charge his phone. He's there. There we go. Okay. Go ahead. I'm sorry, Ms. Hunter. Go ahead and proceed. Thank you. The most important issue in the case is whose rights are protected when a court makes a decision that an adult needs a guardian and in the process of selecting and the process of selecting that guardian by statute and reinforced by the case law. Also, quoting from Kosmanoff, this court's decision and from McHenry, which is quoted in the Kosmanoff case and by statute. It is clear that the rights of the person with a disability are the rights that are to be protected by the court in an adult guardianship. Adult guardianship is different from other kinds of procedures under the probate act. The guardianship, the adult guardianship act makes no distinction giving superior rights to family members over other persons in being selected as guardian, unlike the administration of estates or even something not in the probate act like the surrogacy act. The adult guardianship act is also different from the minors guardianship act in which this court said in the case of AGG, the best interest of a minor cannot even be approached until there's a separate hearing finding that the parents are not able and willing to be the child's natural guardian. What about the language in 395-31 that says no other suitable and willing person could be found to accept the guardianship? That's the section authorizing the office of state guardian and it's been my understanding that the purpose of that was to prevent the overburdening of the office of state guardian. But you will find that in the order in this case, the judge carefully did say that the mother was, pardon me, that the office of state guardian was the most suitable person or entity before the court to perform that function. And it's my opinion that based on the section of the adult guardianship act, which sets forth the who may be a guardian, which includes age and certain other things, that one of the qualifications of being suitable to be a guardian is that the person selected to be a guardian is capable of providing an active and did not provide a suitable and active program of guardianship. This young man was found in a situation where he was rapidly losing weight. He had a mother who was complaining to his physicians that he was being sexually molested on a very recent timetable. The court also makes a finding that his mother was delusional. And I think the record clearly shows that, that his home was unsafe. It was cluttered. The air was bad. He was, she was simply, and even though the language is exact, what the office of state guardian enabling act sets forth, the language is, the sentiment of the choice of guardian is all there in the written order of this court. But now they're only asking to remand the case for findings. What do you think about that? I think it would be a waste of judicial resources. I think, I think that specific finding was in the temporary order. It was not in magic words, so to speak, in the final order, but certainly the sentiment of that language was provided. The only other person before the court was the mother, and she was not a suitable custodian, as it is clear from the record in this case. Do you think the statute requires specific findings as opposed to the sentiment of the order? The order does have specific findings. It found that... No, I mean as it relates to no other suitable guardian. Well, let me say it this way. I think it would have been nice if I had put it in there. I did not. I knew it was supposed to be in there, but I think the language of the court says the same thing in other words. Okay. You can proceed if you have anything further. No, it's just that I really do think that it's important in this case that the court consider that both the statutory law and the statute says that the selection of a guardian is in the sound discretion of the trial court and that the best interest and the well-being of the person with disability is of utmost consideration. It doesn't say anything about family ties being with the person with disability is important. I think the record in this case shows partially because of the unusual delay in this case, because this case was getting off the ground just at the beginning of the COVID pandemic that the testimony in this case over a period of six months by being in the guardianship of the office of state guardian. Okay. Justice Welch, any questions? No questions. Justice Moore? No, no question. Okay. Ms. Hunter, do you want to defer your time now to Ms. Whittington or did you have some your honor? Good morning to the court and counsel. If I may start with the court's last question, I believe if you look at the record and look at the oral findings that the court made, which were not all redacted to and summarized in the written order, and then you take the summary language to which Mrs. Hunter referred, I think you find that the spirit and intent of the allegedly aggrieved statutory section has in fact been complied with. Here we have in Chris's journey a very unusual situation to where we can measure his development or lack of development over time up until the point of removal and then we can measure his improvement not just physically but developmentally from the time of removal until the last hearing in the case. All of that the judge spoke to in his oral ruling. He spoke to how Chris could now use a utensil. He could now select foods other than a hot dog and in a sense I think Chris by his enjoyment of life and his rise to a level of basic human decency has voted for the status quo that was in existence at the time of the hearing to continue. I saw him. I spent an incredible amount of time with him both at his school and at his SILA and that I will not repeat all of the details but in my guardian ad litem report I did document not only the weight physical ailments that were part of this cascade of ill-being that caused him to be disabled. I look at I think when you're talking about the findings and this isn't to deflect away from them but under section 11a-3 and I actually pulled my book that was in effect in 19. It says guardianship shall be utilized as is necessary to promote the well-being of the person with a disability to protect him from neglect exploitation or abuse and to encourage development of his what took place during the interim when the office of state guardian was acting as guardian. We know that other than the mother and perhaps the one sister there were no other names even suggested to the court of family members. The sister had stolen his money. The sister by the and he was galled at times. So you know we look at this situation and in the context of the facts that Judge Lambert had in the context of his very full and methodical oral ruling I believe he made the findings that were required. I'll go to one other point as I summarize and say that the notification provisions and that have been enhanced after July 23 of last year require certain family members to be notified made available or to be told that they could intervene if you read the case law it's not because those individuals have specific rights it's because they are more apt to know what the adult if the adult were able to speak for themselves would want and that's why the court should look out for the and include family and not just because it's easy go to the office of state guardian. Here we do not have that scenario because the only family that we're aware of were the ones who are at whose hands the neglect occurred. Neglect doesn't have to have a men's race so to speak. I feel sorry for this mother and in fact if you'll notice in my GAO report I even commented that she may need services also but she was not capable of handling Chris as he grew as his needs grew. So what happened is in this case the system worked and I think I'll just leave it at that your honor is the system worked and Judge Thurston put it in place. I was asked to serve and I'm very proud to have served as his guardian ad litem. Okay Justice Moore? No question. Okay Mr. Turk you have some minutes for rebuttal do you want to use that? Yes thank you your honor. I did want to say that I respect Judge Lambert immensely. I think he did a wonderful job of controlling the hearing and getting through the hearing. Ms. Whittington said it was Judge Thurston so did they both hear part of the case? No Judge Thurston was in Pulaski County. Okay so okay I guess the record will show us. Was it Judge Lambert? The record shows me that it was Judge Lambert. Okay. I misspoke and I apologize. That was a miscue by Ms. Whittington. Yeah okay. But I believe that what the both the GAL and the appellee have emphasized throughout their argument is that the ends justify the means which is not the way the court system works. What how the court system works is we follow the statute. We follow due process. Nowhere in my argument do I say that this mother should be the guardian. I'm saying that we should follow the process and follow the statute and the statute specifically says that the judge needs to make specific findings that that the there's no one else who's willing and able to be the guardian and that's why the office of state guardian should should be the guardian. What about the oral pronouncements by the court? I don't see that that makes me well actually it says right he says Judge Lambert says right there I find that the that there is no one better suited than the office of state guardian to be the guardian so that that is not the step that is definitely not the standard here. So I'm not making any argument that that Shirley Hill was better suited than office of state guardian. I'm just saying that he did not make the correct findings. So you're simply asking for remand to make the correct findings. Yes this you know we can't let this case influence other cases and there'll be a slippery slope where next the next case comes along and they say well look at this this case in 2022 they said this that is not mandatory it's just that you know the judge doesn't have to make those findings. We want to just make sure we do the correct thing here. Okay anything else Mr. Turk? No your honor thank thank you for allowing me to appear and I'm I apologize immensely for this mess up on the um. Not a problem uh Justice Welsh any questions? No questions. Justice Moore? No questions. Okay Mr. Turk anything else? No your honor thank you very much. All right thank you all for your arguments today. This matter will be taken under advisement we'll issue and do an order in due course. Have a great day.